FILED
2014 JAN -7 PM 1:14
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PDQ INVESTMENTS LLC AS TRUSTEE FOR COSTEAU TRUST #25406,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCISCO LLAMAS, et al.,<br><br>Defendants. | CASE NO. SACV 13-01978 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court summarily remands this unlawful detainer action to state court because it was removed improperly.

On December 20, 2013, Javier Lopez, who apparently believes he qualifies as one of the "Doe" defendants being sued in an unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

The reasons why the action was not properly removed are as follows:

1.  For purposes of federal question jurisdiction under 28 U.S.C. § 1331, removability is determined from the face of the complaint. <u>See, e.g.</u>, <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Here, the underlying unlawful detainer action does not rely on federal law or give rise to a federal question. Defendant Lopez's belief that he may have a federal defense to the unlawful detainer action is irrelevant, even under a preemption theory. <u>See</u> <u>Gully v. First Nat. Bank</u>, 299 U.S. 109, 116, 57 S. Ct. 96, 81 L. Ed. 70 (1936). The Court also notes that Defendant Lopez's reliance on the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA") is misplaced because the Ninth Circuit has held that the PTFA does not create a private right of action. <u>See</u> <u>Logan v. U.S. Bank Nat Ass'n</u>, 722 F.3d 1163, 1169-73 (9th Cir. 2013).

2.  Not all of the named defendants have joined in the removal petition. <u>See, e.g.</u>, <u>Chicago, Rock Island, & Pacific Railway Co. v. Martin</u>, 178 U.S. 245, 248, 20 S. Ct. 854, 44 L. Ed. 1055 (1900); <u>Proctor v. Vishay Intertechnology, Inc.</u>, 584 F.3d 1208, 1224 (9th Cir. 2009); <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232-33 (9th Cir. 1986). Moreover, as a pro se party, Defendant Lopez cannot file a notice of removal on behalf of any other defendant. <u>See</u> Local Rule 83-2.10.

3.  Defendant Lopez's allegation that the amount in controversy "is well over the $75,000.00" threshold for federal diversity jurisdiction under 28 U.S.C. § 1332(a) begs the question of whether complete diversity of citizenship exists. The Notice of Removal contains no such allegation. Moreover, even if complete diversity of citizenship existed, the action still could not be removed because the underlying Complaint alleges that named

Page 2

1   Defendant Francisco Llamas is a resident of the forum state and Defendant
2   Lopez concedes in his Notice of Removal that he also is a resident of the
3   forum state.  See 28 U.S.C. § 1441(b)(2).

4       4.   The Notice of Removal on its face does not support removal
5   under 28 U.S.C. § 1443 because a petition for such removal must satisfy
6   the following two-part test: (1) the petitioner must assert, as a defense to
7   the prosecution of the removed action, rights that are given to him by
8   explicit statutory enactment protecting equal **racial** civil rights; and (2) the
9   petitioner must assert that the state courts will not enforce that right, and
10  that allegation must be supported by reference to a state statute or a
11  constitutional provision that purports to command the state courts to ignore
12  the federal rights.  See City of Greenwood, Miss. v. Peacock, 384 U.S. 808,
13  824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966); Georgia v. Rachel, 384
14  U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966); Patel
15  v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006); California v.
16  Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).

18  Further, Defendant Lopez is notified and warned that any subsequent attempts to
19  remove the underlying state unlawful detainer action to this Court will be improper and
20  may result in the Court taking punitive remedial measures, which may include ordering
21  Defendant Lopez to appear in person before the Court and show cause why he should
22  not be monetarily sanctioned and/or designated as a vexatious litigant.
23  //
24  //
25  //
26  //
27  //
28  //

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Orange County, Central Justice Center, 700 Civic Center Drive West, Santa Ana, California, 92701, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the clerk send a certified copy of this Order to the state court; and (3) the clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/3/14

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE